Robert L. Starr (183052)
robert@starrlaw.com
Adam Rose (210880)
adam@starrlaw.com
LAW OFFICE OF ROBERT L. STARR, APC
23277 Ventura Boulevard
Woodland Hills, California 91364-1002
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

Stephen M. Harris (110626)
stephen@smh-legal.com
LAW OFFICE OF STEPHEN M. HARRIS, APC
6320 Canoga Avenue, Suite 1500
Woodland Hills, California 91367
Telephone: (818) 924-3103
Facsimile: (818) 924-3079

Attorneys for Plaintiff
KOUDSI, INC., doing business as The Car Factory, individually, and on behalf of a class of similarly situated individuals and entities

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOUDSI, INC., doing business as The Car Factory, individually, and on behalf of a class of similarly situated individuals and entities,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VOLKSWGEN GROUP OF AMERICA, INC,, and DOES 1 to 10,<br><br>　　　　Defendants. | NO.<br>CLASS ACTION<br>COMPLAINT<br><br>1. Violations of Business and Professions Code 17200 |

**INTRODUCTION**

1. The court has jurisdiction under diversity jurisdiction, 28 USC § 1332(a), since the amount in controversy exceeds $75,000 and the plaintiff and defendant are from different states. Plaintiff is from California, and defendant is a New Jersey corporation.

2. Venue is proper in the Central District pursuant to 28 USC § 1391(b) since a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles County.

3. KOUDSI, INC., doing business as The Car Factory ("KOUDSI") brings this action for itself and on behalf all vehicle dealerships in California ("CLASS MEMBERS") who have invested money in order to sell model year 2009 through 2015 Volkswagen diesel engine Jettas, Beetles, Golfs, and Passats, and 2009-2015 Audi diesel engine A3s ("CLASS VEHICLES") which were manufactured, distributed, and sold by Volkswagen Group of America, Inc. and / or its related subsidiaries or affiliates ("VW" or "Defendant").

**PARTIES**

**KOUDSI, INC.**

4. KOUDSI is a corporation that does business under the fictitious business name of "The Car Factory." KOUDSI, doing business as The Car Factory, owns and operates a preowned vehicle dealership located at 5319 Van Nuys Boulevard, Sherman Oaks, California 91401 ("DEALERSHIP"). DEALERSHIP is in the business of buying and selling preowned vehicles to the public.

5. Prior to the events of September 18, 2015, KOUDSI entered into an agreement with a private party to sell the private party's 2013 Audi A3 TDI diesel vehicle on consignment (CONSIGNMENT VEHICLE). Pursuant to the consignment agreement, KOUDSI paid money to have the CONSIGNMENT VEHICLE detailed, and prepared for sale. KOUDSI advertised the

CONSIGNMENT VEHICLE on KOUDSI's website, photographed the CONSIGNMENT VEHICLE, and expended both resources and money in an effort to sell the CONSIGNMENT VEHICLE.

**Defendant**

6. VW is a Corporation, organized and in existence under the laws of the State of New Jersey and registered with the Secretary of State to conduct business in California. At all times relevant, VW was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components throughout the United States of America.

## APPLICABLE LAW

7. California law applies to the claims in this action.

## FACTUAL ALLEGATIONS

8. VW offered the CLASS VEHICLES for sale in the state of California, and in the United States. VW represented that the CLASS VEHICLES complied with all state and federal emissions requirements.

9. In fact, the CLASS VEHICLES did and do not comply with all state and federal emissions requirements. Government agencies have recently revealed that VW has installed software into CLASS VEHICLES called "Defeat Devices." Defeat Devices detect when CLASS VEHICLES are undergoing government required emissions testing. Defeat Devices ensure that only during such testing are the CLASS VEHICLES' complete emissions control systems fully functional. During normal driving, the controls are not fully functional, resulting in CLASS VEHICLES emitting as much as 40 times the amount of pollution allowed by law.

10. State and federal government agencies have recently discovered the

-3-

presence of Defeat Devices on CLASS VEHICLES. On September 18, 2015, numerous media outlets ran stories revealing VW's use of the Defeat Devices, and revealing the fact that the Defeat Devices were discovered. As a result, VW is forced to recall approximately 480,000 vehicles in the United States in order to disable the Defeat Devices, and in order to make sure that CLASS VEHICLES have properly functioning emissions control systems.

11. A reasonable interpretation of the information being disseminated to the public is that until the CLASS VEHICLES undergo the VW recall, the CLASS VEHICLES will not perform in a manner which is in compliance with state and federal emissions standards. VW has not yet indicated that it has come up with a way to administer the recall of the CLASS VEHICLES. Furthermore, VW has not yet even indicated whether or not it has a plan as to how the CLASS VEHICLES will be modified in order to bring the CLASS VEHICLES into compliance with state and federal emissions standards.

12. Due to the aforementioned circumstances, the CONSIGNMENT VEHICLE, as well as all of the CLASS VEHICLES are not merchantable. Any dealership selling a CLASS VEHICLE to the public would be doing so knowing that, according to the information being disseminated to the public, the CLASS VEHICLE does not presently comply with state and federal emissions standards. Selling a CLASS VEHICLE under these circumstances would only invite litigation against a selling dealer. Furthermore, the value of the CLASS VEHICLES has been drastically diminished, due to the recent disclosure of VW's wrongful conduct. Due to the publicity of VW's wrongful conduct, there is simply no reasonable way for a CLASS MEMBER to sell a CLASS VEHICLE to the public.

13. Some dealerships are franchise dealerships, meaning that the dealerships have a written agreement with VW to sell VW and Audi vehicles.

14. VW has acknowledged the serious damage that this situation has caused to dealerships. VW has asked its franchise dealerships to halt the sale of

-4-

1 CLASS VEHICLES, and has announced that it will compensate Volkswagen
2 franchise dealerships and Audi franchise dealerships for the financial losses that
3 these franchise dealerships will suffer as a result of this situation.

4     15.   Unfortunately, VW has not offered to compensate any dealerships that
5 are not Volkswagen franchise dealerships or Audi franchise dealerships, for the
6 losses that these dealerships will suffer as a result of this situation.

## **TOLLING OF THE STATUTE OF LIMITATIONS**

    16.   VW intentionally concealed the existence of the Defeat Devices from CLASS MEMBERS, with intending to deceive CLASS MEMERS, and the general public. KOUDSI and the CLASS MEMBERS were not reasonably able to discover the existence of the Defeat Devices until September 18, 2015, when the existence of the Defeat Devices became the topic of national news, as the result of federal and state government investigations into CLASS VEHILES.

    17.   Any applicable statute of limitation was tolled by VW's wrongful concealment of the Defeat Devices. VW is further estopped from relying on any statute of limitation because of its concealment of the Defeat Devices installed in the CLASS VEHICLES.

## **CLASS ACTION ALLEGATIONS**

    18.   This is a class action pursuant to Federal Rule of Civil Procedure 23(a) since the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, KOUDSI's claims are typical of the claims of the class, and KOUDSI will fairly and adequately protect class interests.

    19.   Pursuant to Rule 23(b)(1), prosecuting separate actions by individual CLASS MEMBERS would create a risk of inconsistent or varying adjudications with respect to individual CLASS MEMBERS that would establish incompatible standards of conduct for the party opposing the class. Also, pursuant to Rule

23(b)(3), questions of law and fact common to CLASS MEMBERS predominate over questions affecting only individual members, and a class action is superior to other methods for fairly and efficiently adjudicating this controversy.

20. The Class is defined as:

> <u>Class</u>: All entities and individuals that own dealerships that are not Volkswagen franchise dealerships and are not Audi franchise dealerships, who have suffered loss due to an inability to sell a CLASS VEHICLE, or CLASS VEHICLES in the dealership's possession, as a result of VW's use of Defeat Devices.
>
> Excluded from the Class are: (1) VW, any entity or division in which VW has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein. KOUDSI reserves the right to amend the Class definition, and create Sub-Classes, if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

21. <u>Numerosity</u>: Although the exact number of CLASS MEMBERS is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of these CLASS MEMBERS in a single action will provide substantial benefits to all parties and to the Court. The CLASS MEMBERS are readily identifiable from information and records in VW's possession, custody, or control, as well as from records kept by the Department of Motor Vehicles.

22. <u>Typicality</u>: The claims of the representative KOUDSI are typical of the claims of the CLASS MEMBERS in that the representative KOUDSI, like all

-6-

CLASS MEMERS, has suffered an ascertainable financial loss as the result of KOUDSI being unable to sell a CLASS VEHICLE in KOUDSI's possession, due to VW's use of a Defeat Device. The factual bases of VW's misconduct are common to all CLASS MEMBERS and represent a common thread of fraudulent, deliberate, and intentional misconduct resulting in injury to all CLASS MEMERS.

23. <u>Commonality</u>: There are numerous questions of law and fact common to KOUDSI and the Class that predominate over any question affecting only individual CLASS MEMBERS. These common legal and factual issues include the following:

   a. whether the CLASS VEHICLES have been equipped with Defeat Devices, which disable the CLASS VEHICLES' emissions control systems;

   b. whether the existence of Defeat Devices constitutes unlawful, fraudulent, and wrongful conduct on the part of VW;

   c. whether VW knew that the existence of the Defeat Devices was unlawful, and how long VW knew that the presence of the Defeat Devices was unlawful;

   d. whether the existence of the Defeat Devices constitutes a material fact;

   e. whether VW had a duty to disclose the existence of the Defeat Devices to KOUDSI and CLASS MEMBERS;

   f. whether KOUDSI and the other CLASS MEMBERS are entitled to equitable relief, including but not limited to a preliminary and/or permanent injunction.

   g. Whether VW concealed and refused to disclose the Defeat Devices from the public;

   h. Whether CLASS MEMBERS have suffered financial loss as a result of VW's wrongful conduct, and whether, and to what extent VW is obligated to compensate the CLASS MEMBERS for any and all losses.

24. <u>Adequate Representation</u>: KOUDSI will fairly and adequately protect the interests of the CLASS MEMBERS. KOUDSI has retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and KOUDSI intends to prosecute this action vigorously.

25. <u>Predominance and Superiority</u>: KOUDSI and the CLASS MEMBERS have all suffered and will continue to suffer harm and damages as a result of VW's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most CLASS MEMBERS would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual CLASS MEMBERS' claims, it is likely that only a few CLASS MEMBERS could afford to seek legal redress for VW's misconduct. Absent a class action, CLASS MEMBERS will continue to incur damages, and VW's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

26. <u>Proposed Notice</u>: KOUDSI proposes to send notice to the CLASS MEMBERS by first class mail to each CLASS MEMBERS' last known address.

## FIRST CAUSE OF ACTION

Violation of Business & Professions Code § 17200, et seq.

Against All Defendants

27. KOUDSI incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.

28. Business & Professions Code § 17200 defines unfair competition including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

29. VW knew that the installation of the Defeat Devices in the CLASS VEHICLES was unlawful;

30. VW knew that the installation of the Defeat Devices in the CLASS VEHICLES resulted in the CLASS VEHICLES not being in compliance with state and federal emissions requirements.

31. VW installed the Defeat Devices in the CLASS VEHICLES with a specific intent to avoid having the CLASS VEHICLES perform in a manner which was in compliance with state and federal emissions requirements.

32. VW intentionally, wrongfully, and unfairly failed to disclose that the CLASS VEHICLES were not in compliance with state and federal emissions requirements, and that Defeat Devices were installed in CLASS VEHICLES. These non-disclosures were done with a specific intent to wrongfully deceive the public, and to wrongfully deceive state and federal regulatory agencies.

33. VW knew if it was discovered that the CLASS VEHICLES had Defeat Devices installed, the CLASS VEHICLES would not be merchantable. Despite this knowledge, VW still installed the Defeat Devices, hoping that nobody would find out about the Defeat Devices.

34. By VW participating in the aforementioned conduct, VW has engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

35. VW's unfair or deceptive acts and practices occurred repeatedly in VW's trade or business, and were capable of deceiving a substantial portion of the purchasing public. The public, including KOUDSI, and the CLASS MEMBERS were deceived.

36. Had KOUDSI, or any reasonable CLASS MEMBER, known that the Defeat Devices were installed in CLASS VEHICLES, KOUDSI, along with any

reasonable CLASS MEMBER would not have invested money and resources in order to place a CLASS VEHICLE into inventory, and try to sell a CLASS VEHICLE.

37. As a direct and proximate result of VW's unfair and deceptive practices, KOUDSI and the Class have suffered and will continue to suffer damages.

38. VW has been unjustly enriched and should be required to make restitution to KOUDSI and the Class pursuant to Sections 17203 and 17204 of the Business & Professions Code.

**RELIEF REQUESTED**

39. KOUDSI, on behalf of itself, and all others similarly situated, requests the Court to enter judgment against VW as follows:

    a. An order certifying the proposed Class and any subsequent Sub-Classes, designating KOUDSI as named representatives of the Class, and designating the KOUDSI's Counsel as Class Counsel;

    b. An order enjoining VW from further deceptive distribution, sales, and lease practices with respect to the Class Vehicles;

    c. An award to KOUDSI and the Class of compensatory, exemplary, and statutory damages, including interest, in an amount to be proved at trial;

    d. A declaration that VW must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale or lease of the Class Vehicles, or make full restitution to KOUDSI and Class Members;

    e. An award of costs as allowed by law;

    f. An award of pre-judgment and post-judgment interest;

    g. Leave to amend the Complaint to conform to the evidence produced at trial; and

1       h.     Other relief appropriate under the circumstances.

3 Date: September 21, 2015       Law Office of Robert L. Starr

5                                         By:    /s/ Adam Rose
                                               Attorney for Plaintiff
                                               Koudsi, Inc.

## JURY DEMAND

KOUDSI demands a jury trial pursuant to Federal Rule of Civil Procedure 38(b)

Date: September 21, 2015         Law Office of Robert L. Starr

/s/ Adam Rose
Attorney for Plaintiff
Koudsi, Inc.